IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSEMARY L. RANKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-1130-F |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Rosemary Rankin seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse the SSA's decision and remand for further proceedings.[1]

I.   BACKGROUND

Ms. Rankin applied for disability insurance benefits based in part on degenerative disc disease.[2] The SSA denied the application initially and on reconsideration.[3] A hearing took place,[4] and an administrative law judge found that Ms. Rankin was not disabled in light of

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (Sept. 27, 2005).

[2]   Administrative Record at p. 55 (certified Jan. 11, 2006) ("Rec.").

[3]   Rec. at pp. 23-27, 30-31.

[4]   *See* Rec. at pp. 192-217.

her ability to perform work existing in the national economy.[5] The Appeals Council declined jurisdiction,[6] and the present action followed. According to Ms. Rankin, the judge failed to discuss significant evidence of degenerative disc disease.[7] The undersigned agrees.

## II.   STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on the correct legal standard.[8] If the SSA's decision is based on an incorrect legal standard, reversal is necessary.[9]

## III.   SELECTIVE REVIEW OF THE MEDICAL EVIDENCE

In part, Ms. Rankin alleged degenerative disc disease.[10] The administrative law judge acknowledged that Ms. Rankin had:

- a history of chronic back pain, and
- a severe lumbar sprain.[11]

---

[5]   Rec. at pp. 18-19.

[6]   Rec. at pp. 5-7.

[7]   Plaintiff's Opening Brief at pp. 12-14 (Mar. 31, 2006).

[8]   *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

[9]   *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

[10]   *See supra* p. 1.

[11]   Rec. at p. 17.

But the judge pointed out that a lumbar x-ray in April 2003 was "unremarkable" and concluded that the Plaintiff's allegations regarding her limitations were not wholly credible.[12]

The administrative law judge reached these conclusions through selective evaluation of the medical record,[13] as he failed to acknowledge or discuss the Plaintiff's:

- MRI results reflecting moderate protrusion of a disc,[14] and
- diagnosis of degenerative disc disease.[15]

The omissions potentially impacted the judge's assessment of functional limitations from the disc condition.

A similar issue appeared in *Hardman v. Barnhart*, 362 F.3d 676 (10th Cir. 2004). There the plaintiff sought disability benefits for back pain.[16] The administrative law judge denied benefits, noting that an EMG/nerve conduction study had not reflected radiculopathy.[17] The Tenth Circuit Court of Appeals reversed based on:

- the administrative law judge's selective review of the medical record through the absence of meaningful discussion of evidence involving severe lumbar pain from degenerative disc disease, and

---

[12]   Rec. at pp. 17-18.

[13]   *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 742-43 (10th Cir. 1993).

[14]   *See* Rec. at pp. 117, 126.

[15]   *See* Rec. at p. 177.

[16]   *See Hardman v. Barnhart*, 362 F.3d at 677.

[17]   *See Hardman v. Barnhart*, 362 F.3d at 677, 681.

- the administrative law judge's lack of access to an MRI reflecting extensive degenerative disc disease, herniated disc, and spinal stenosis.[18]

The same reasoning applies here. Like the adjudicator in *Hardman*, the administrative law judge disregarded medical evidence involving degenerative disc disease and related ailments.[19] Thus, the judge apparently dismissed Ms. Rankin's allegations of back pain based on an "unremarkable" x-ray taken in April 2003.[20] Only days after the "unremarkable" x-ray, however, an MRI reflected a moderate disc protrusion and a treating physician diagnosed a bulging disc.[21] Approximately one year later, Ms. Rankin was diagnosed with degenerative disc disease.[22] Like the administrative law judge's reliance on a single EMG/nerve conduction study in *Hardman v. Barnhart*, reliance on the single "unremarkable" x-ray of Ms. Rankin entailed a selective, misleading review of the medical record. In both cases, the SSA failed to discuss MRIs and diagnoses of degenerative disc disease.[23] In *Hardman v. Barnhart*, these omissions involved reversible error.[24] The same is true here.[25]

---

[18] *Hardman v. Barnhart*, 362 F.3d at 681; *see also Victory v. Barnhart*, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005) (unpublished op.) (reversible error existed when an administrative law judge failed to discuss a diagnosis involving degenerative disc disease).

[19] *See supra* pp. 3-4.

[20] Rec. at p. 17; *see supra* p. 3.

[21] Rec. at pp. 117, 126; *see supra* p. 3.

[22] Rec. at p. 177; *see supra* p. 3.

[23] *See supra* pp. 3-4.

[24] *See supra* pp. 3-4.

[25] The administrative law judge acknowledged that Ms. Rankin had severe lumbar sprain. *See supra* p. 2. The Commissioner argues that this assessment would have included all of the limitations

IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse the SSA's decision and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[26] The deadline for objections is October 3, 2006.[27] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[28]

V.   STATUS OF THE REFERRAL

The referral is terminated.

---

caused by degenerative disc disease. Social Security Response Brief at pp. 3-4 (May 30, 2006). This argument lacks merit.

The Tenth Circuit Court of Appeals has "generally recognized the applicability of [the principle of harmless error] in the administrative review setting." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (citations omitted). But when "a harmless-error determination rests on legal or evidentiary matters not considered by the [administrative law judge], [application of this principle] risks violating the general rule against post hoc justification of administrative action recognized in *SEC v. Chenery Corp.*, and its progeny." *Id.* (citation omitted). The administrative law judge did not discuss:

- how he found a severe impairment of lumbar sprain or articulate the physical limitations caused by the impairment, or

- evidence of degenerative disc disease.

Thus, this Court cannot speculate about the outcome if the administrative law judge had discussed the MRI showing protrusion of the disc or the eventual diagnosis of degenerative disc disease.

[26]   *See* 28 U.S.C. § 636(b)(1) (2000).

[27]   *See* W.D. Okla. LCvR 72.1(a).

[28]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

5

Entered this 13th day of September, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge